IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KRYSTAL DAWN CHASE,<br><br>                Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting,<br>Commissioner of Social Security<br>Administration,<br><br>                Defendant. | CV 20-168-BLG-KLD<br><br>ORDER |

      On March 18, 2022, the Court entered an order reversing the Commissioner's decision denying Plaintiff Krystal Chase's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, and remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). This matter comes before the Court now on Plaintiff's application for an award of attorney fees in the amount of $8,648.34. (Doc. 19). Plaintiff's counsel requests payment for 8.80 hours of work at the 2020 EAJA hourly rate of $207.78, and 31.35 hours of work at the EAJA hourly rate of $217.54 for work performed in 2021 and 2022. (Doc. 19, at 3).

      The EAJA provides that a party who prevails in a civil action against the United States is entitled to an award of reasonable attorney's fees "unless the court

1

finds that the position of the United States was substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Although fee shifting under the EAJA is not mandatory, "the EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 267 (9th Cir. 1995). However, the "government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

The Commissioner has the burden of demonstrating that his position was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). To meet this burden, the Commissioner must show that his position had a "reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). "Substantial justification does not mean 'justified to a high degree,' but simply entails that the government must show that its position meets the traditional reasonableness standard – that is 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person.'" *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

The Commissioner does not dispute that Plaintiff is a prevailing party for purposes of an EAJA fee award, and does not challenge the number of hours for which Plaintiff seeks to recover fees or the requested hourly rate. Rather, the Commissioner argues that his position in this case was substantially justified. In

doing so, the Commissioner essentially reiterates the same arguments already rejected by this Court when deciding to order a sentence-four remand.

The Court reversed the ALJ's decision and remanded this matter for further proceedings because the ALJ failed to consider the frequency and duration of Plaintiff's medical treatment when making the residual functional capacity assessment, as required by Social Security Ruling 96-8 and the Ninth Circuit's recent unpublished decision in *Bourcier v. Saul*, 856 Fed. Appx. 687, 691 (9th Cir. 2021). (Doc. 17, at 18-20). The Court finds that the Commissioner has not met his burden of demonstrating that his position on the issue had a reasonable basis in law or fact. The Commissioner has not pointed to any other circumstances that would make an award of fees in this case unjust.

For these reasons,

IT IS ORDERED that Plaintiff's application for an award of attorney fees (Doc. 19) is GRANTED. Defendant shall pay $8,648.34 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

IT IS FURTHER ORDERED that if, after receiving the Court's EAJA fee order, the Commissioner (1) determines upon effectuation of the Court's EAJA fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, (2) agrees to waive the requirements of the Anti-Assignment Act, and (3) is provided a valid assignment of fees executed by Plaintiff, the fees will be

made payable to Plaintiff's attorney and mailed to Plaintiff's attorney's office as follows:

>   Seidlitz Law Office
>   P.O. Box 1581
>   Great Falls, MT 59403-1581

However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and any remaining EAJA fees after offset will be paid by a check made out to Plaintiff, but delivered to Plaintiff's attorney.

>   DATED this 8th day of June, 2022,

_____
Kathleen L. DeSoto
United States Magistrate Judge